IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cr-00362

LAWRENCE M. JIRON,
  Petitioner,

v.

THE STATE OF COLORADO,
ATTORNEY GENERAL JOHN W. SUTHERS,
COLORADO DEPT. OF CORRECTIONS, and
ARISTEDES ZAVARAS,
  Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
              CLERK

## ORDER FOR SUMMARY REMAND

Petitioner Lawrence M. Jiron is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Jiron has submitted to the Court *pro se* on September 4, 2008, a document titled "An Order of Release, a 'Notice of Removal' Case 07-CR-220, a Declaratory Judgment Act of 1933." On September 9, 2008, Mr. Jiron submitted a "Notice of Removal" that clarifies he is removing to this Court criminal action number 07-CR-220 from the Delta County, Colorado, District Court. Therefore, this criminal action has been opened. For the reasons stated below, the criminal case will be remanded to the state court.

The Court must construe the documents filed by Mr. Jiron liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring to remove a criminal prosecution from a state court must file a notice of removal that contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon the defendant in the state court. Mr. Jiron has failed to comply with § 1446(a). He has not provided a short and plain statement of the grounds for removal and he has failed to provide copies of the state court process, pleadings, and orders. Even construing the notice of removal liberally, the Court is unable to ascertain any legitimate basis for removal of Mr. Jiron's state court criminal case. Therefore, criminal action number 07-CR-220 will be remanded summarily to the Delta County District Court pursuant to 28 U.S.C. § 1446(c)(4).

Finally, it also appears that Mr. Jiron seeks to challenge the validity of his state court criminal conviction in case number 01-CR-85, a case in the Alamosa County, Colorado, District Court. Mr. Jiron is advised that he may challenge his state court conviction in this Court only by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state court remedies. Mr. Jiron may not pursue his habeas corpus claims in this removed criminal case. Accordingly, it is

ORDERED that criminal action number 07-CR-220 is remanded summarily to the Delta County, Colorado, District Court. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Delta County, Colorado, District Court.

DATED at Denver, Colorado, this 17 day of Sept., 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cr-00362-ZLW

Lawrence M. Jiron
Prisoner No. 116040
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

Delta County District Court
Delta County Courthouse
501 Palmer Street, Suite 338
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk